DLD-263                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1463
_____

RASHEEN NIFAS,
                    Appellant

v.

BRIAN V. COLEMAN; M. ZAKEN;
T. BERRIER; W. LEGGETT;
E. MANCHAS; R. CLARK;
S. RYMAROWICZ; D. HOOPER;
C. ABEREGG; V. KNIZNER;
CO.1 BARKLEY; CO.1 CASTELLO;
CO.1 A.W. EICHER; CO.1 A. ROLL;
CO.1 STROUTMAN; CO.1 R.F. COLLINS;
K. CROSS; P. YETTER;
T. CESARINO-MARTIN; R. PETRUS;
J. MONAS; M. VARNER;
I. DICIO; D. VARNER;
T. WILLIAMS; R. MACINTYRE;
T. MARK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-01486)
District Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed June 13, 2013)

PER CURIAM

Rasheen Nifas, a Pennsylvania inmate proceeding pro so, filed a complaint in the District Court pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights by numerous corrections employees. The District Court granted the defendants' motion to dismiss the complaint for failure to state a claim in part, preserving only the Eighth Amendment claims.[1] The remaining defendants thereafter moved for summary judgment on those claims, which the District Court granted. Nifas timely filed this appeal. For the following reasons, we will affirm.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's March 5, 2012 order granting in part the defendants' motion to dismiss for failure to state a claim. See Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, . . . [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). We also exercise plenary review over the District Court's February 12, 2012 order granting summary judgment to the defendants, using the same standard as the District Court. See Pichler v.

---

[1] Nifas filed a notice of appeal from the District Court's March 5, 2012 order dismissing several defendants and claims. See C.A. No. 12-1705. That appeal was later dismissed for failure to prosecute. See Fed. R. App. P. 3(a); L.A.R. 3.3 and Misc. 107.1(a).

UNITE, 542 F.3d 380, 385 (3d Cir. 2008). Summary judgment is appropriate if the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with the District Court that Nifas's complaint failed to state claims for retaliation. Although he sufficiently alleged that he was engaged in conduct protected by the First Amendment when he filed grievances and lawsuits against prison officials, see Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002), and in some instances sufficiently alleged that adverse action was taken against him, the complaint failed to demonstrate a causal connection between the exercise of his constitutional rights and any adverse action. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).[2] Our review of the complaint also convinces us that the District Court properly determined that Nifas failed to state a claim under the Fourteenth Amendment's Due Process Clause with respect to the prison's disciplinary proceedings. See Sandin v. Conner, 515 U.S. 472, 486 (1995).

We also agree with the District Court that the defendants were entitled to summary judgment on Nifas's various Eighth Amendment claims. Nifas claimed that SCI-Fayette corrections officers violated his Eighth Amendment rights when they (1) failed to protect him from threats of violence and ongoing sexual harassment; (2) failed to take reasonable measures to protect his safety when fellow inmate Rodriguez attempted to spray cleaning solvent in his eyes; (3) used excessive force in the course of subduing him during the ensuing physical

---

[2] The District Court also properly noted that some of Nifas's retaliation claims were subject to dismissal as unexhausted. See Jones v. Bock, 549 U.S. 199, 211 (2007).

3

altercation with inmate Rodriguez; (4) failed to intervene to prevent the use of excessive force; and (5) failed to provide him with adequate medical treatment.

The defendants were entitled to summary judgment on Nifas's failure to protect claims. The Eighth Amendment imposes a general duty on prison officials to protect inmates from violence by other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). In order to succeed on a failure to protect claim under § 1983, an inmate must demonstrate that corrections officers acted with deliberate indifference to a substantial risk of serious harm. See Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). The undisputed facts here do not show that Nifas was exposed to a risk of serious harm with respect to the incident involving inmate Rodriguez or the alleged threats and sexual harassment he received from other inmates. See Farmer, 511 U.S. at 834; Helling v. McKinney, 509 U.S. 25, 35 (1993). Nifas also failed to establish that the defendants acted with deliberate indifference, which requires showing that they knew of and disregarded an excessive risk to his health or safety. See Farmer, 511 U.S. at 837.

The defendants were also entitled to summary judgment on Nifas's excessive force and failure to intervene claims. In reviewing excessive force claims in the context of the Eighth Amendment, we look to whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 14 (1992). In conducting that inquiry, we examine the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates, and any efforts to temper the severity of a forceful response. See Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). Here,

4

Nifas alleged that Rodriguez sprayed cleaning solvent in his eyes and officers responded by ramming Nifas's head into a steel doorway and forcefully jumping on his back and shoulder. A video recording of the incident, however, shows that Nifas was the initial aggressor in the altercation with Rodriguez and that corrections officers responded with an objectively reasonable amount of force in order to subdue him and restore discipline.[3]  Because we find that no constitutional violation occurred with respect to excessive force, Nifas also cannot succeed on his failure to intervene claims.  See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002).

Finally, the defendants were entitled to summary judgment on Nifas's medical treatment claims.  In order to succeed on an Eighth Amendment claim for failure to provide adequate medication treatment, an inmate must demonstrate that prison officials were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Here, the record reflects that Nifas received prompt medical treatment for minor injuries, which included scrapes and cuts, resulting from the officers' unplanned use of force following the incident with Rodriguez.  The undisputed facts do not demonstrate a constitutional violation with respect to either deliberate indifference or a serious medical need.  See Brooks v. Kyler, 204 F.3d 102, 105 n.4 (3d Cir. 2000).

---

[3] Nifas has filed a motion in this Court "for leave to file declaration from a witness and two exhausted grievances in support of appeal," contending that the video recording of the incident with Rodriguez had been "altered and important evidence was deleted."  He maintains that the District Court erred in granting summary judgment on this claim because a material factual dispute exists with respect to whether he or Rodriguez started the altercation and the types of force subsequently employed by corrections officers.  The motion is denied, as Nifas never presented such evidence of video tampering to the District Court.  See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Accordingly, the judgment of the District Court is affirmed.